I am also satisfied in my own mind that judgment ought to be given for the plaintiff; but I have reasons for declining to give my opinion judicially, unless it shall become absolutely necessary. I was formerly applied to, while at the bar, for my opinion on this very deed, and after consideration gave the same I now entertain. Let it lie over till next term, Judge MACAY will then be here. If he should be of *Page 210 
the same opinion with the judges now present, judgment will of course be entered for the plaintiff.
September Term, 1796. This special verdict was again argued before MACAY and STONE, JJ., and they gave judgment for the plaintiff.
(271) NOTE BY REPORTER. — It will not be improper here to observe that this opinion of three of the present judges, founded upon consideration, after argument by counsel, upon a case made by a special verdict, is directly against that of Ward v. Ward, 1 N.C. 59, decided as to this point at Halifax, April Term, 1793. That was an ejectment cause, upon the trial of which a question arose upon a deed of bargain and sale, made to the lessor of the plaintiff by his father in 1771, of the premises in question, which conveyed the whole estate absolutely to the bargainee; but in the premises of the deed there is an exception of the grantor's lifetime in any part or parcel of the land. Whether the lessor or the plaintiff took a fee by this conveyance, as a life estate was reserved to the grantor, was the question.
Davie, for the defendant, laid it down as an established rule of law that a fee cannot be created by deed to take effect or arise in futuro; and here he said the grantee was not to take till after the grantor's death. The Attorney-General, Haywood, entered into a discussion of the doctrine of uses, to show that the use might be limited to take effect in this manner by the statute of uses, although it would not have been good at the common law.